UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KENNETH A. WHITE, ) | CASE NO. 1:11 CV 2117 |
| ) | |
| Plaintiff, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | MEMORANDUM OF OPINION |
| BANK OF AMERICA, N.A., ) | AND ORDER |
| ) | |
| Defendant. ) | |

This action was properly removed to this Court, based on diversity of citizenship, from the Cuyahoga County Court of Common Pleas, on October 6, 2011, by Defendant Bank of America. Plaintiff, Kenneth A. White, alleges in his one-page Complaint that Defendant "provided inaccurate and false information" concerning Plaintiff's account. He also alleges he "has never signed any contracts with Defendant."

Defendant filed a Motion to Dismiss, or in the Alternative for a More Definite Statement, on October 21, 2011, asserting Plaintiff fails to state a claim upon which relief can be granted. On November 10, 2011, Plaintiff filed a "Motion to Oppose Defendant's Motion to Dismiss," and has not sought to amend his Complaint. The Motion to Oppose does not expand on Plaintiff's purported claim.

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation. *Id.* A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Id.* Nor does a complaint suffice if it tenders naked assertion devoid of further factual enhancement. *Id.* It must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.* Even liberally construed, the Complaint does not contain allegations reasonably suggesting Plaintiff might have a valid claim. *See*, *Lillard v. Shelby County Bd. of Educ,*, 76 F.3d 716 (6th Cir. 1996)(court not required to accept summary allegations or unwarranted legal conclusions in determining whether complaint states a claim for relief). Accordingly, the Motion to Dismiss is granted and this case is dismissed.

    IT IS SO ORDERED.

      S/Christopher A. Boyko
      CHRISTOPHER A. BOYKO
      UNITED STATES DISTRICT JUDGE

January 6, 2012